PER CURIAM.
In this appeal conducted pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm appellant’s convictions and sentences. However, we strike sua sponte the trial court’s imposition of fines totalling $45,000 for three capital sexual battery convictions. We conclude that there is no statutory authority for these fines. Section 775.083(1) expressly provides: “A person who has been convicted of an offense other than a capital felony may be sentenced to pay a fine in addition to any punishment described in s. 775.082; when specifically authorized by statute, he may be sentenced to pay a fine in lieu of any punishment described in s. 775.082.” (Emphasis added). Section 794.011, the sexual battery statute, does not grant any additional author *1372 ity for the imposition of a fine. Section 775.083(l)(a), the statute apparently relied upon by the court, allows for a fine of up to $15,000 “when the conviction is of a life felony.” (Emphasis added). However, the instant sexual battery convictions were capital felonies, not life felonies.
CONVICTIONS AND SENTENCES AFFIRMED; FINES STRICKEN.
DAUKSCH, COBB and W. SHARP, JJ, concur.